UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN ROSCOE GARLAND, | ) | |
| Plaintiff, | ) | Civil Action No. 6: 12-229-DCR |
| V. | ) | |
| McCREARY COUNTY FISCAL COURT, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

John Roscoe Garland is a death-row inmate confined at the Kentucky State Penitentiary in Eddyville, Kentucky. Proceeding without an attorney, Garland has filed a Complaint against Defendants McCreary County, Kentucky; the McCreary County Fiscal Court; the Kentucky Association of Counties; and John and Jane Does, sued as "Unknown Defendant Employees of McCreary Fiscal Courthouse." [Record No. 1] After conducting a preliminary review of the Complaint, the Court has determined that Garland's claims will be dismissed.

**I.**

In 1999, Garland was convicted for the murders of Willa Jean Ferrier, Crystal Conatser, and Chris Boswell and sentenced to death. *Garland v. Commonwealth*, 2011 Ky. Unpub. LEXIS 54, at *1 (Ky. May 19, 2011). Garland alleges that, on November 11, 2011, he attended a hearing at the McCreary County Courthouse regarding certain post-conviction

remedies. [Record No. 1] He claims that the hearing was held on the second floor of the building and that he was required to negotiate stairs to obtain access to the courtroom, despite the fact that he is disabled regarding "hearing, vision, breathing and mobility." [*Id.,* p. 11] Garland states that, following the hearing, and while he was descending the stairs from the second floor, he was injured when he tripped, slipped, and fell. [*Id.*] Garland makes a number of claims against the defendants arising out of that alleged incident.

Garland's Complaint includes alleged violations of his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 ("RA"); denial of certain rights under the United States Constitution in conjunction with 42 U.S.C. § 1983; and violations of the Kentucky Civil Rights Act, KRS § 344.010 *et seq*. He also asserts state law negligence claims against the defendants, contending that they were negligent for failing to train employees regarding the proper handling of disabled persons. Garland requests injunctive relief as well as compensatory damages of $10,000,000.00 for pain and suffering, permanent injury, future impairment, loss of enjoyment of his major daily life and activities, and unspecified punitive damages. [Record No. 1]

## II.

Because Garland asserts claims against governmental entities and employees, the Court must conduct a preliminary review of his complaint under 28 U.S.C. § 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Garland's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Garland's factual allegations as true and liberally construes legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## III.

### A. ADA and RA Claims

#### 1. Individual Defendants

Garland claims that Unknown Defendant Employees of McCreary Fiscal Courthouse, "John and Jane Does," violated the ADA and RA because they denied him access to the elevator in the courthouse. These claims against the defendants in their individual capacities will be dismissed because there is no individual liability under Title II of the ADA.[1] *Sagan v. Sumner Cnty. Bd. of Educ.*, 726 F. Supp. 2d 868, 875 (M.D. Tenn. 2010) (citing *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002)). And it is well-established that public employees may not be sued in their individual capacity under the ADA or RA. *Williams v. McLemore*, 247 F. App'x. 1 (6th Cir. 2007); *see also Sullivan v. River Valley*

---

1 An ADA and RA suit may be brought against a public entity by naming the entity itself or by suing an agent of an entity in his official capacity. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

*Sch. Dist.*, 197 F.3d 804, 808, n.1 (6th Cir. 1999) (holding that the ADA does not permit public employees or supervisors to be sued in their individual capacity).

### 2. Title II Claims

Garland claims that the defendants violated Title II of the ADA because they failed to provide accommodations to qualified disabled persons who are required to attend courtroom proceedings in the McCreary County Courthouse. Garland claims that he was discriminated against because he had to use stairs to access and leave the courtroom. The ADA and RA state, in relevant part, that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added).[2] To establish a *prima facie* case under Title II of the ADA, a plaintiff must show that he or she has a disability, is otherwise qualified and is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*,

---

2  Similarly, § 504 of the RA provides in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). "Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act . . . . claims brought under both statutes may be analyzed together." *Thompson v. Williamson Cnty.*, 219 F.3d 555, 557, n.3 (6th Cir. 2000) (citing *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 846, n.2 (6th Cir. 1995)).

50 F.3d 1261, 1265 (4th Cir. 1995)). Additionally, "[c]ompensatory damages may be recovered under the ADA only if the plaintiffs prove intentional discrimination." *Tucker v. Tenn.*, 443 F. Supp. 2d 971, 973 (W.D. Tenn. 2006). "Further, the plaintiff must show that the discrimination was intentionally directed toward him or her in particular." *Tucker v. Tenn.*, 539 F.3d 526, 532 (6th Cir. 2008) (emphasis added).

Assuming Garland is disabled,[3] he fails to demonstrate that he was excluded from any programs or services offered by the McCreary Fiscal Court or McCreary County Courthouse solely "by reason of such disability." *Jones*, 341 F.3d at 477. Garland "must allege either that [he is or was] perceived to be handicapped within the definitions of each of the acts. . . . and that [he was] discriminated against on the basis of [his] disability." *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir. 1997); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 277-79 (2d Cir. 2003) (holding that ADA plaintiffs must show that their exclusion from benefits occurred "by reason of [such] disability" by demonstrating that disability was a "substantial cause" of the exclusion).

Here, Garland's sole allegation is that unknown defendants refused to grant him access to the elevator and instead forced him to use the stairs. [Record No. 1, p. 11] However, he attended his hearing without incident. Thus, he was not denied access to the court. Garland has not alleged that his disability was the reason he was denied access to the elevator after attending his hearing.

---

3     Garland has attached a letter dated April 4, 1975, from "Dominick D. Davolos, M.D." stating "Mr. John Garland is totally disabled by reason of recent injuries he has suffered." [Record No. 1-1]

Because Garland is an inmate, courthouse personnel had legitimate security and safety reasons to deny his request to use the elevator. And Garland has not alleged that he was denied access to the elevator or courtroom *because of* his disability. Nor can he allege that his disability was a "substantial cause" of the exclusion from elevator use. *Henrietta*, 331 F.3d at 277. As such, his bare-bones, unsupported, conclusory claim that he was treated differently or discriminated against solely because of his disability by being denied use of the elevator fails to establish a *prima facie* claim under the ADA and RA.

**B. 42 U.S.C. § 1983**

**1. Government Entities**

To state a claim under § 1983, a plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). *See also Parratt v. Taylor*, 451 U.S. 527 (1981); *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988). Similarly, a suit against a governmental entity, be it a municipality or a county government, involves a two-prong inquiry. *Cash v. Hamilton Cnty. Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). The Court must determine whether: (1) the plaintiff has been deprived of a constitutional right; and (2) the governmental entity is responsible for the violation. *Id.* If either element is missing, the claim under § 1983 fails. *Christy v. Bandlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As a general matter, a governmental entity cannot be liable under a *respondeat superior* theory for alleged § 1983 violations. *Id*. Rather, governmental bodies are liable when they "have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Id*. (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). However, even absent a policy "officially adopted" by a municipality's officers, a plaintiff "may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff bears the burden of showing "that the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused [the] constitutional violation." *Napier v. Madison Cnty.*, 238 F.3d 739, 743 (6th Cir. 2001).

Failure to adequately train or supervise officers can rise to the level of a *de facto* unconstitutional policy or custom if a plaintiff can show: "(1) the training or supervision [] was inadequate to the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate

indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Loggins v. Franklin Cnty.*, 218 F. App'x. 466, 473 (6th Cir. 2007) (quotation omitted).

Regardless of whether Garland suffered an injury that is constitutionally recognized, he has not shown that the defendants had an unconstitutional policy or custom which was responsible for his injury, or that McCreary County, Kentucky, was "deliberately indifferent" to his rights. Garland has not alleged an unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the County's] officers" which led to any violation of his constitutional rights. *See Praprotnik*, 485 U.S. at 121.

Similarly, Garland has failed to produce evidence tending to show a *de facto* unconstitutional policy or custom arising from the failure to adequately train or supervise courthouse personnel. To establish a § 1983 violation based upon failure to train, Garland must show, *inter alia*, that McCreary County was "deliberately indifferent" to the rights of disabled individuals such as himself. *See Ellis*, 455 F.3d at 700. To prove deliberate indifference, he "must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).

Garland's Complaint cites *Tennessee v. Lane*, 541 U.S. 509 (2004) in support of the proposition that McCreary County was on notice of the needs to accommodate access by disabled persons to all court buildings. However, *in Lane*, the Supreme Court held that Title

II of the ADA, insofar as it "applies to the class of cases implicating the fundamental right of access to the courts," does not exceed Congress's authority under the Fourteenth Amendment. *Id*. at 533–34. In other words, the Court held that states are not exempt from ADA requirements when physical access to the courts is at issue. Even so, holding as a general principle that the ADA is applicable with respect to courthouses is a far cry from placing a governmental body on notice of an exhaustive set of particular accommodations and policies to be proactively implemented with respect to every conceivable disability. If *Lane* were read the way the plaintiff suggests — as putting all governmental entities on notice of a history of abuse with respect to all particular disabilities — the "stringent standard" of deliberate indifference would be reduced to less than a mere formality. *See Ellis*, 455 F.3d at 700. The Court does not agree that *Lane* establishes that McCreary County was on notice of a history of abuse towards disabled individuals and of deficient training in this area. Garland has not alleged that McCreary County was deliberately indifferent to his rights and the rights of similarly-situated individuals. Accordingly, he cannot establish § 1983 liability under a failure-to-train theory. And because Garland cannot show an unconstitutional policy or custom or actionable failure to train or supervise its officers, the governmental defendants are entitled to judgment as a matter of law regarding the § 1983 claim.

### 2. Individual Defendants

The Complaint also names "Unknown Defendant Employees of McCreary Fiscal Courthouse" as defendants; however, Garland does not specify whether he is suing these

unknown employees in their official or individual capacity. Under such circumstances, the defendants are construed as being sued in their official capacity. *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989). Garland's claims against these individual defendants will be dismissed because state officials and employees are not subject to suit for monetary damages in their official capacity under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

### C. State Law Claims

Finally, Garland asserts various state law claims, including alleged violations of the Kentucky Civil Rights Act, KRS § 344.010 *et seq.*, as well as state law negligence claims. He contends that the defendants were negligent for failing to train their employees regarding the proper handling of disabled persons, and by failing to inspect, discover, and/or warn him of the allegedly dangerous, unsafe, uneven walkway and stairway in the McCreary County Courthouse. As state law claims brought in a federal-question case, the claims can only be heard by the Court through the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The decision of whether to exercise supplemental jurisdiction is discretionary. Courts may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, dismissal of all claims over which the Court has original jurisdiction is appropriate. *See* 28 § 1367(c)(3). The Sixth Circuit "has expressed a strong policy in favor of dismissing" state law claims when all federal claims over which the district court had original jurisdiction have been dismissed. *Staggs v. Ausdenmoore*, No. 92–3172, 1993 WL 131942, *5 (6th Cir. Apr. 27, 1993). Accordingly, the Court will dismiss, without prejudice, the state law claims against the defendants.

## IV.

Garland has failed to establish a *prima facie case* under the ADA and RA and has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. As a result, his statutory and federal claims will be dismissed. The Court will decline to exercise supplemental jurisdiction over Garland's remaining state law claims. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Garland's claims asserting violations of his statutory rights under the Americans with Disabilities Act and the Rehabilitation Act are **DISMISSED**, with prejudice.

2. Plaintiff Garland's claims filed pursuant to 42 U.S.C. § 1983 are **DISMISSED**, with prejudice.

3. The Court declines to exercise supplemental jurisdiction over Plaintiff Garland's state law claims. Those claims are **DISMISSED**, without prejudice.

4. This action is **DISMISSED** and **STRICKEN** from the docket.

5. A separate Judgment shall issue this date.

This 16th day of December, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge